IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOY B.,

    Claimant,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social
   Security,

    Respondent.

No. 20 C 3238

Magistrate Judge Jeffrey T. Gilbert

**MEMORANDUM OPINION AND ORDER**

Joy B.[1] ("Claimant") seeks review of the final decision of Kilolo Kijakazi,[2] Acting Commissioner of the Social Security Administration ("Commissioner"), denying her application for disability insurance benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties consented to the exercise of jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 7]. This Court, therefore, has jurisdiction pursuant to 42 U.S.C. § 405(g). Claimant filed a Brief in Support of Reversing the Decision on the Commissioner of Social Security [ECF No. 19], which the Court construes as a motion, and the Commissioner filed a Motion for Summary

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using her first name and the first initial of the last name.

[2] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Acting Commissioner Kijakazi as the named defendant.

Judgment [ECF No. 24]. This matter is fully briefed and ripe for decision. *See* [ECF Nos. 19, 24, 25, 26]. For the reasons discussed in this Memorandum Opinion and Order, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 19] is granted, and the Commissioner's Motion for Summary Judgement [ECF No. 24] is denied.

**PROCEDURAL HISTORY**

On September 13, 2017, Claimant filed a Title II application for a period of disability and disability insurance benefits, alleging a disability beginning on March 16, 2016. (R.35). Her application was denied initially on November 8, 2017, and again on reconsideration on November 29, 2017, after which Claimant requested a hearing before an administrative law judge ("ALJ"). (R.35). On December 28, 2018, Claimant appeared and testified at a hearing before ALJ Edward Studzinski. (R.35). At the hearing, Claimant was represented by counsel. (R.35). During the hearing, the ALJ also heard testimony Tobey Andre, a vocational expert. (R.35).

On May 7, 2019, the ALJ issued his decision denying Claimant's application for disability insurance benefits. (R.35-46). In finding Claimant not disabled within the meaning of the Social Security Act, the ALJ followed the five-step evaluation process required by the Social Security Regulations for individuals over the age of 18. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ found Claimant met the insured status requirement of the Social Security Act through September 30, 2017, and that Claimant had not engaged in substantial gainful activity since March 16, 2016, the alleged onset date of her disability, through her date last insured. (R.37). At step two,

the ALJ found that Claimant has the following severe impairments: spine disorder, joint dysfunction, anxiety, and headaches. (R.37).

At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (R.38). In particular, the ALJ considered listings 1.02, 1.04, 11.14, and 12.06 and concluded that Claimant did not manifest clinical signs or findings that met or equaled the criteria of any of those listings. (R.38). As to Listing 12.06, the ALJ also considered whether the "paragraph B" criteria were satisfied and concluded that Claimant did not meet the paragraph B criteria. (R.38). The ALJ, however, did note that Claimant had moderate limitations in the following areas of functioning including: (1) understanding, remembering, or applying information; (2) interacting with others; (2) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (R.38-39).

Before proceeding from step three to step four, the ALJ assessed Claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008). Here, the ALJ concluded that Claimant had the following RFC:

> to lift and/or carry up to 10 pounds occasionally and lighter weights frequently, and has no limitations in her ability to sit throughout an 8 hour workday. The claimant can stand and/or walk for ten continuous minutes, and for a total of two out of eight hours. The claimant needs to alternate her position such that she stands or walks for up to 5 minutes after sitting for an hour. While doing so, she would not need to be off

3

>  task. The claimant can occasionally climb ramps and stairs, and she can occasionally stoop, kneel, balance, crouch and crawl, but she can never climb ladders, ropes or scaffold. She can frequently reach in all directions including overhead. She can frequently us her hand to perform fine or gross manipulation, but cannot perform forceful grasping or torqueing [sic], nor can she use vibrating hand tools. The claimant should avoid concentrated exposure to light or noise exceeding office-type environments. The claimant is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights or around exposed flames and unguarded large bodies of water, and she should avoid concentrated exposure to unguarded hazardous machinery. The claimant is further limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment. She ought not perform work which requires multitasking. She could perform work requiring an average production pace, but is incapable of significantly above average or highly variable production pace work. She ought not perform work which requires significant self direction [sic]. She is further precluded from work involving direct public service, in person or over the phone, although the claimant can tolerate brief and superficial interaction with the public which is incidental to her primary job duties. She is unable to work in crowded, hectic environments. The claimant can tolerate brief and superficial interaction with supervisors and coworkers, but is not to engage in tandem tasks.

(R.39-40). At step four, the ALJ determined that Claimant could not perform her past relevant work. (R.44). At step five, the ALJ considered Claimant's age, education, work experience, and RFC and concluded that she had the ability to make a successful adjustment to other jobs that existed in significant numbers in the national economy. (R.46).

After completing the five-step evaluation process required by the Social Security Regulations, the ALJ found Claimant was not disabled under the Social Security Act. (R.45-46). The Appeals Council declined to review the matter on July 22, 2020, making the ALJ's decision the final decision of the Commissioner. (R.1-6).

Therefore, this Court now has jurisdiction to review this matter. *See* 42 U.S.C. § 405(g); *see also Smith v. Berryhill,* 139 S. Ct. 1765, 1775 (2019); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## STANDARD OF REVIEW

When a claimant files an application for disability benefits, she bears the burden under the Social Security Act to bring forth evidence that proves her impairments are so severe that they prevent the performance of any substantial gainful activity. 42 U.S.C. § 423(d)(5)(A); *see Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987) (citing 42 U.S.C. § 423(d)(1)(A)). A five-step inquiry controls whether an individual is eligible for disability benefits under the Social Security Act, which the Seventh Circuit has summarized as follows:

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy."

*Butler v. Kijakazi,* 4 F.4th 498, 501 (7th Cir. 2021) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022).

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Judicial review is limited to determining whether an ALJ's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standard in reaching his decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotations omitted); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Biestek,* 139 S.Ct. at 1154; *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) (internal quotations omitted). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008) (internal quotations omitted). The reviewing court may not, however, "displace the ALJ's judgment by reconsidering

6

facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

Claimant asserts three arguments in challenging the ALJ's decision: (1) the ALJ improperly assessed her physical RFC; (2) the ALJ improperly assessed her mental RFC; and (3) the ALJ failed to address her subjective symptoms and complaints. *See generally* Claimant's Brief [ECF No. 19]. In response, the Commissioner contends there is very little objective medical evidence in the record during the relevant time period to support Claimant's alleged limitations and allegations of disability, and the ALJ did what was minimally required in the course of finding Claimant not disabled prior to September 30, 2017. *See* Commissioner's Brief [ECF No. 24]. Essentially, the Commissioner argues the medical evidence in the record does not corroborate Claimant's assertions of disability and limited functionality and the ALJ reasonably concluded Claimant is not disabled. The Court agrees with Claimant that this case must be remanded to the agency for further proceedings.

As to Claimant's arguments challenging the ALJ's findings on Claimant's physical and mental RFC, the standard of review for these arguments is clear and not controversial. An ALJ's analysis of a claimant's RFC "must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). An ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence,

7

but he must build a logical bridge from the evidence to his conclusion. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). It is well-settled law that mere boilerplate statements and conclusions cannot support an ALJ's decision, and an ALJ must set forth "specific reasons" for discounting subjective reports of symptoms. *See Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009), citing *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *Steele v. Barnhart,* 290 F.3d 936, 941-42 (7th Cir. 2002). An ALJ's sparse explanation frustrates the court's ability to engage in a meaningful review of his decision. *Eakin v. Astrue*, 432 Fed. Appx. 607, 611 (7th Cir. 2011).

The predominant theme in the ALJ's opinion is that this case involves an application for disability benefits for a relatively narrow period of time from March 2016 through September 2017 and that most of Claimant's complaints and the medical evidence submitted come after September 2017, which is after her date last insured. Specifically, the ALJ stated: "Treatment records do not document consistent treatment since the alleged onset date through the date last insured. Many of claimant's complaints and much of her treatment history began shortly after her date last insured." (R.40-41). The Court agrees with the ALJ that there is very little objective medical evidence to support Claimant's limitations and complaints of disabling pain during the relevant time period. But that is not the end of the Court's analysis, and it should not have been the end of the ALJ's analysis.

Notwithstanding the lack of medical evidence during the relevant time period that would support a disability finding, the ALJ also must "build an accurate and logical bridge between the evidence and the result." *Shramek v. Apfel*, 226 F.3d 809,

8

811 (7th Cir. 2000) (internal quotations omitted); *see also Fisher v. Berryhill,* 760 F. App'x 471, 476 (7th Cir. 2019) (explaining that a ruling is not supported by substantial evidence if the ALJ "fails to build a logical and accurate bridge between the evidence and conclusion"). Indeed, "[w]ithout an adequate explanation, neither the applicant nor subsequent reviewers will have a fair sense of how the applicant's testimony is weighed." *Steele*, 290 F.3d at 942; *see also Briscoe ex rel. Taylor v. Barnhart,* 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he ALJ must [ ] explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review.").

In this case, the ALJ summarized the medical evidence in the record, but did not explain how that evidence supports the RFC finding. A general discussion of the medical record does not satisfy an ALJ's obligation to explain how he arrived at his RFC finding and does not create the logical bridge from the evidence to his conclusion. *See Samuel v. Barnhart*, 316 F. Supp. 2d 768, 772 (E.D. Wis. Apr. 29, 2004) ("By failing to include in his narrative discussion a description of how the medical evidence supported his findings, the ALJ committed a clear error of law."); *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (remanding the case after the ALJ failed to explain how she reached her conclusions about the plaintiff's physical capabilities in assessing her RFC). Although the ALJ's RFC finding is very detailed and contains numerous specific limitations, the ALJ does not explain how he determined those limitations and on what evidence he relied.

In the Court's view, the ALJ did not articulate any analysis he conducted of the evidence or explain how he determined Claimant's RFC and concluded that Claimant was not as disabled as she claims she was prior to September 30, 2017. The ALJ's decision contains no markers for the Court to follow and discern the path the ALJ followed in reaching his conclusion. The Court cannot assume or speculate what the ALJ was thinking to support the RFC limitations. Simply citing a few specific medical facts or exhibits in the record is not enough. *See* SSR 96-8p (requiring that the "RFC assessment must include a narrative discussion describing how the evidence supports the conclusion"). The ALJ erred by not providing a narrative discussion of how the record evidence supported his determination that Claimant is limited to performing a restricted range of sedentary work activities. The Court is left with two critical and dispositive questions: (1) how does the clinical evidence support the ALJ's RFC assessment; and (2) how does the ALJ account for Claimant's subjective complaints in that RFC assessment? Nowhere in his opinion does the ALJ answer these questions.

The Commissioner argues that there is very little evidence in the record to support a finding of disability, and the Court agrees. The problem, however, is that the Court does not understand how the ALJ came up with the limitations and restrictions he imposed for Claimant's RFC. The only opinions from the relevant period limited Claimant to medium work, but the ALJ went further and restricted Claimant to sedentary work. (R.39-40, 94-96, 107-10). The Court recognizes that the ALJ provided several reasons for discounting Claimant's allegations, including that

she had minimal treatment during the March 2016 to September 2017 relevant time period and that there were significant breaks in treatment during that time. While these are valid reasons to support a finding that Claimant was not disabled during the relevant time period, the Court does not understand how the ALJ determined that Claimant was capable of sedentary work with additional limitations. (R.39-40).

The Commissioner argues the ALJ credited Claimant's allegations more than any other medical opinion to fashion a less than sedentary RFC, but the Court cannot speculate about what was in the ALJ's mind based on the Commissioner's explanation rather than an explanation from the ALJ himself. Commissioner's Br. [ECF No. 25], at 12-13. The Court must consider only what the ALJ said, or did not say as the case may be, when determining whether his decision is supported by substantial evidence. In this case, the ALJ's opinion is sorely lacking in that respect. Because the Court cannot decipher how the ALJ reached his conclusion that Claimant can perform a restricted range of sedentary work, it cannot connect the dots to determine whether there is substantial evidence to support Claimant's RFC, and the Court will not speculate about that important issue. Ultimately, the ALJ's brief summary of Claimant's testimony and the chronological recitation of the contents of Claimant's medical records and treatment history is not legally sufficient, and it does not provide any explanation of how Claimant's subjective complaints were taken into account by the ALJ.

The ALJ also did not address Claimant's testimony about her pain, and he failed to explain how he resolved Claimant's complaints with his finding that she is

11

cable of sustained work. The Seventh Circuit has repeatedly noted, "pain alone can be disabling," *Stark v. Colvin*, 813 F.3d 684 (7th Cir. 2016), even in the absence of objective test results that evidence a disabling condition. *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004). As discussed above, the Court recognizes there is minimal medical evidence in the record and it appears that Claimant did not receive significant treatment during the relevant period for the impairments she alleges cause her disability. It is not clear if her alleged impairments and the resulting pain existed or substantially limited her ability to engage in substantial gainful activity prior to her application for disability benefits. Nonetheless, Claimant testified she had significant neck pain and headaches, needed to lay down throughout the day, and had limitations in her ability to sit, stand and walk. (R.73-77).

Although the ALJ is not required to accept Claimant's testimony about her pain or any other complaints without question, the ALJ must minimally explain why he did not fully credit Claimant's testimony, and he did not do so here. The Court cannot, and will not, make assumptions about how the ALJ evaluated and weighed the evidence and Claimant's testimony. *See Briscoe*, 425 F.3d at 352 (finding that an ALJ must explain how the evidence supports their specific functional restrictions); *Scott v. Astrue*, 647 F.3d 734, 740-41 (7th Cir. 2011) (holding that an ALJ must consider claimant reports on the limiting pain of their medically determinable impairments). Therefore, the case must be remanded for further explanation from the ALJ. On remand, the Court encourages the ALJ to provide a

12

more fulsome explanation of his analysis and how he determined the limitations in Claimant's RFC.

The Court is mindful of the deference that is owed to an ALJ's decision under the substantial evidence standard and that a reviewing court should not substitute its judgment for that of the ALJ's by reweighing the evidence. Although this standard is generous, it is not entirely uncritical. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). In this case, the ALJ's explanation of Claimant's RFC and his assessment of Claimant's subjective complaints and testimony are deficient, and remand is required for those reasons. This is not an instance in which the Court is reweighing the evidence differently than the ALJ. Here, the ALJ simply recited the record evidence without explaining on what evidence he relied and how he weighed it in the first place. That does not mean the Court agrees with Claimant that she is disabled and cannot work within the meaning of the applicable law. There is very little evidence in the record to support that conclusion. However, the ALJ did not explain his decisional process sufficiently for the Court to be able to conclude that his ultimate decision on Claimant's RFC is supported by substantial evidence under the controlling standard of review. When an ALJ's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review," as is the case here, the case must be remanded. *Steele*, 290 F.3d at 940.

## CONCLUSION

For the reasons discussed above, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 19] is granted, and the

Commissioner's Motion for Summary Judgement [ECF No. 24] is denied. This case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

                                                  Jeffrey T. Gilbert
                                            United States Magistrate Judge

Dated: January 25, 2023